**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Jacksonville Division**

_____

ENVIRONMENT AMERICA, INC.,
d/b/a ENVIRONMENT FLORIDA and
SIERRA CLUB

    Plaintiffs,                                       Case No: 3:17-cv-272-32JRK
       v.

PILGRIM'S PRIDE CORPORATION,

    Defendant.

_____

**PLAINTIFFS' AND DEFENDANT'S**
**JOINT MOTION TO APPROVE JOINT CONFIDENTIALITY ORDER**

    Plaintiffs Environment America, Inc. d/b/a Environment Florida and Sierra Club ("Plaintiffs") and Defendant Pilgrim's Pride Corporation ("Defendant") (jointly "the Parties") move the court to enter a stipulated Joint Confidentiality Order pursuant to Rule 26 of the Federal Rules of Civil Procedure. In support of this motion, the Parties provide the following.

    1.    Discovery in the above-captioned matter is expected to involve the production of documents and information that Defendant will claim to be confidential and proprietary.

    2.    To protect the disclosure of confidential and proprietary information, the Parties previously submitted an agreed-upon Joint Confidentiality Order along with their Case Management Report. *See* ECF 12; ECF 12-1. This stipulated Order sets out protocols for the production of confidential information and for limiting the Parties' use of the documents that are claimed to be confidential.

3. On June 27, this Court entered an Order directing the Parties to submit a motion requesting entry of this Joint Confidentiality Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See* ECF-20.

4. Rule 26(c) provides that "any person from whom discovery is sought may move for a protective order in the court where the action is pending" and that the court may enter such an order upon a showing of "good cause."

5. The Parties assert that good cause exists for the requested Joint Confidentiality Order. As the Eleventh Circuit has explained, good cause for a protective order exists "where document-by-document review of discovery materials would be unpracticable, and when the parties consent to an umbrella order restricting access to sensitive information in order to encourage maximum participation in the discovery process, conserve judicial resources and prevent the abuses of annoyance, oppression and embarrassment…" *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). Here, the Joint Confidentiality Order submitted by the Parties will expedite production while at the same time providing a mechanism to challenge a designation of confidentiality. The Joint Confidentiality Order will reduce costs and reduce the judicial burden of document-by-document adjudication of claims of protection.

Accordingly, the Parties respectively request that this Court enter the stipulated Joint Confidentiality Order included with the Parties' Case Management Report. *See* ECF 12-1.

Dated this **11th** day of July, 2017.

/s/*Winston K. Borkowski*
**Winston K. Borkowski**
Florida Bar No. 0698891
winstonb@hgslaw.com
**Hopping Green and Sams, P.A.**
Post Office Box 6526 (32314)
119 South Calhoun Street, Suite 300

        Tallahassee, FL 32301
        Telephone:  (850) 222-7500
        Facsimile:  (850) 224-8551

***Counsel for Pilgrim's Pride Corporation***

*/s/  Heather A. Govern*
Heather A. Govern
*Admitted pro hac vice*
National Environmental Law Center
294 Washington Street, Suite 500
Boston, MA 02108
(617) 747-4301
Email: govern.nelc@gmail.com
***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 11, 2017, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Middle District of Florida, Jacksonville Division, using the CM/ECF system. All registered counsel will receive electronic notification of this filing through the CM/ECF system.

        /s/*Winston K. Borkowski*
        Attorney